COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | § | |
|---|---|---|
| MICHAEL MATTHEW MYERS, | | No. 08-09-00280-CR |
| | § | |
| Appellant, | | Appeal from the |
| | § | |
| V. | | 143rd Judicial District Court |
| | § | |
| THE STATE OF TEXAS, | | of Ward County, Texas |
| | § | |
| Appellee. | | (TC# 07-08-4888-CRW) |
| | § | |
| | § | |

**<u>MEMORANDUM OPINION</u>**

In 2007, Appellant was placed on community supervision pursuant to a plea bargain for a burglary offense. The State filed a motion to adjudicate in April 2008, citing several violations of the terms of Appellant's probation. In lieu of adjudication, Appellant entered into a second plea agreement which amended the terms of his community supervision to include up to twenty-four months of treatment and rehabilitation in the Midland Court Residential Treatment Center followed by ninety days of intensive supervision by the Midland County Community Supervision and Corrections Department, and participation in the "Aftercare Program" until discharged by his community supervision officer.

The State filed its second motion to adjudicate guilt on February 20, 2009, stating that in addition to several other violations of his probation, Appellant had been arrested for resisting arrest and criminal trespass on or about Feburary 10. In accordance with the recommendation of Appellant's community supervision officer, Appellant was again placed on community

supervision, and agreed to serve up to twelve months in the Midland County Court Residential Treatment Center Relapse Program.

This appeal arises from a third motion to adjudicate filed on August 28, 2009. The motion recited numerous violations of Appellant's probation, including a criminal offense, possession of a prohibited weapon, i.e., switchblade/knuckles. Appellant plead "not true" to the allegations, and the State proceeded to present evidence of the violations. Following the State's presentation, the trial court found Appellant had violated the terms of his community supervision, and adjudicated Appellant guilty of the original burglary offense as alleged in the indictment. Appellant was sentenced to eleven years' imprisonment and ordered to pay a $2,000 fine.

Appellant's appointed counsel has filed a brief in which he concludes that the appeal is frivolous and without merit. Appellate counsel states that he has studied the record and has found no error preserved for appeal that could serve as grounds for reversible error. The brief meets the requirements of *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493, *reh. denied*, 388 U.S. 924, 87 S.Ct. 2094, 18 L.Ed.2d 1377 (1967), by presenting a professional evaluation of the record, and demonstrating why, in effect, there are no arguable grounds to be advanced. *See High v. State*, 573 S.W.2d 807 (Tex.Crim.App. 1978). A copy of counsel's brief has been delivered to Appellant, and Appellant has been advised of her right to examine the appellate record and file a *pro se* brief. No *pro se* brief has been filed. In addition, this Court has carefully reviewed the entire record and agrees that the appeal is wholly frivolous and without merit. Further, we find nothing in the record that may arguably support the appeal.

Accordingly, we affirm the trial court's judgment.

October 20, 2010

DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., McClure, and Rivera, JJ.

(Do Not Publish)